UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SCOTT M. AFANADOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF LAWRENCE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:21-cv-00092-TWP-DML |

### ENTRY ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant County of Lawrence ("Lawrence County"). (Dkt. 8.) On May 17, 2021, *pro se* Plaintiff Scott Afanador ("Afanador") initiated this action in state court and it was removed to federal court on June 8, 2021 (Dkt. 1). Afanador alleges Lawrence County violated his Fourth Amendment rights by wrongfully detaining him for criminal charges which were subsequently vacated. He seeks damages pursuant to a state statute. He also seeks assistance in recruiting counsel. (Dkt. 19). For the reasons set forth below, the Motion to Dismiss is **granted**.

### I.     BACKGROUND

The following facts are taken from Afanador's Complaint and must be accepted as true solely for purposes of the motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). On December 3, 2020, a jury in Lawrence County, Indiana, found Afanador guilty of Count I and II, Dealing and Possession of Methamphetamine, and Count III, Unlawful Possession of a Syringe. A directed verdict was entered for Count IV, Possession of Marijuana, and the Habitual Offender enhancement was dismissed. (Dkt. 1-2.)

On February 15, 2021[1], Afanador filed a motion to vacate the convictions with the Lawrence Superior Court #1, (Dkt. 1-2 at 2), and on April 27, 2021, the Lawrence Superior Court #1 granted his motion and vacated the conviction for Count II: Possession of Methamphetamine. *Id*. Afanador was sentenced as follows:

> Count I, Dealing in Methamphetamine, a Level 2 felony, 22 years to the Indiana[] Department of Corrections [sic]; Count IV, Unlawful Possession of Syringe, a Level 6 felony, 2.5 years to the Indiana Department of Corrections [sic]. Counts II and IV are to be served concurrently. 2 years of such sentence is suspended to supervised probation.  Defendant is given credit for 307 actual days served.

(Dkt. 9 at 2.)  Afanador was wrongfully incarcerated in the Lawrence County Jail and, as such, he seeks compensation for wrongful incarceration under Indiana Code §5-2-23-3, which provides a mechanism for compensation to persons who have been wrongfully incarcerated.

There are no factual allegations against Lawrence County in the Complaint.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal

---

[1] The Complaint inadvertently lists the date as February 15, 2020.

conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.    *Pro Se* Pleadings**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. …[T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009).

> [E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point.

*Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

### III.    DISCUSSION

Lawrence County moves to dismiss Afanador's Complaint pursuant to Rule 12(b)(6), arguing that he has not properly pled a constitutional claim against it nor has he properly pled a state statutory claim. (Dkt. 9 at 5.)

In his Complaint, Afanador contends that he is entitled to compensation under I.C. §5-2-23-3 in the amount of "[]$50,000[] for each year that [he] was incarcerated in the department of correction ([which includes] a facility under contract to the department of correction) or a county jail for a conviction that was vacated".  (Dkt. 1-2 at 2-3.)  He points out that "[t]he criminal justice institute shall pay compensation owed under this chapter in equal sums distributed over 5 years."  *Id*. at 3.  Afanador reasons that he "served 145 actual days[,] aprox. 10 months" in the Lawrence County Jail, "and is owed $41,666.66."  He asks the Court to "direct County of Lawrence[,] State of Indiana to pay compensation owed" and to "set a hearing" to determine the "exact amount" of what he believes he is owed.  *Id.*

In its Motion to Dismiss, Lawrence County points out that "Indiana Code §5-2-23-1(b)(3) applies to a person … who is actually innocent'", and that the section defines "actually innocent" as "a person [who] did not take part in or plan, prepare for, or participate in the planning or preparation of any other criminal act in connection with that offense."  Lawrence County contends that "[t]he mere fact that the trier of fact acquitted or did not convict the person on remand is insufficient, standing alone, to establish that the person is actually innocent."  (Dkt. 9 at 3.)  In addition, Lawrence County asserts that pursuant to I.C. §5-2-23-1, *et seq.*, Afanador's claim must be made by applying to the criminal justice institute and cannot be determined by a court, making such a claim in this forum improper and his claim must be dismissed.  *Id.* at 5-6.

Lawrence County further contends that Afanador has sued the wrong person and asserts that it is a "person" subject to suit within the meaning of 42 U.S.C. §1983.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).  *Id*.  A municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation at issue. *Monell*, 436 U.S. at 694-95, 98 S.Ct. at 2038.  Moreover, Indiana

4

law is clear that county commissioners, and, accordingly, the county, does not have any control over the acts of the sheriff. *Delk v. Bd. of Com'rs of Delaware County*, 503 N.E.2d 436, (Ind. Ct. App. 1987). Lawrence County contends that nothing about Afanador's incarceration in the Lawrence County Jail occurred because of "official acts" of Lawrence County, thus, any claims against it for wrongful incarceration are improper and must be dismissed. (Dkt. 9 at 5.)

In response, Afanador acknowledges that he does not have a claim against Lawrence County, but rather he seeks to make a claim against the judge in Lawrence County Superior Court 1. (Dkt. 17 at 3.) He explains that "Plaintiff's complaint is only for 145 days of that because of 'official acts' of Lawrence County Superior Court 1. Plaintiff's claims are for the vacated portion of the incarceration and not against the Sheriff or his jail." Afanador also acknowledges that his claim for compensation pursuant to Indiana Code §5-2-23-3 is properly made to the criminal justice institute and not a court. He points out in his response that he:

> did seek compensation … by applying to the criminal justice institute and the form and manner to be determined by the criminal justice institute should have been taken care of at the hearing the plaintiff requested. In most cases it would have been a waiver the plaintiff would sign waiving any further claims against the criminal justice institute, and a five year payment plan. In this case the criminal justice institute did not offer the plaintiff compensation under this chapter waiving his rights for further claims on a form in a manner to be determined by the criminal justice institute.

(Dkt. 17 at 4-5.)

Afanador reasons that since the Court screened his Complaint and ruled that the Complaint should proceed, and since the criminal justice institute did not offer him compensation under I.C. §5-2-23-8, Lawrence County's Motion to Dismiss should be denied. *Id*. at 5. He is mistaken. When the Court screened the Complaint, it determined that "*pro se* Plaintiff['s] … claim for damages against the Defendant for allegedly violating his rights secured by the Fourth Amendment by wrongfully detaining him for criminal charges he alleges were subsequently vacated" survives

5

dismissal pursuant to 28 U.S.C § 1915A, "and therefore shall proceed." (Dkt. 5 at 2) (emphasis omitted). But the Court specifically stated "[t]his ruling is without prejudice to the filing of a proper Rule 12 motion." *Id*.

Having filed a proper motion to dismiss under Rule 12(b)(6), the Court determines that the Fourth Amendment claim against Lawrence County should be dismissed. Afanador has sued the incorrect entity and his claims against Lawrence County must be dismissed because the Complaint is void of any allegation against it. A governmental entity may be liable under § 1983 only if the entity caused the constitutional deprivation through a policy statement, ordinance, regulation or decision officially adopted and promulgated by the entity's officers. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). There is no allegation that Lawrence County maintained an express policy which caused any constitutional deprivation, that a defendant with final policymaking authority personally caused a constitutional deprivation, or that an unconstitutional policy based upon a long-settled custom and practice caused the alleged deprivation. Moreover, Lawrence County does not have responsibility for the actions of the Lawrence County Superior Court or Lawrence County Sheriff. Accordingly, Lawrence County is entitled to dismissal because the Complaint fails to state a claim against it upon which relief can be granted.

With respect to the state law claim for compensation pursuant to Indiana Code §5-2-23-1, *et seq*., Afanador has not met the requirements or shown he has the ability to meet the requirements to file a claim ripe for judicial review. I.C. §5-2-23-10. Accordingly, this claim is **dismissed**.

## IV.    CONCLUSION

For the reasons stated above, this action must be dismissed for failure to state a claim and hence Lawrence County's Motion to Dismiss pursuant to Rule 12(b)(6), Dkt. [8], is **GRANTED.**

6

Afanador's Motion for Assistance with Recruiting Counsel, Dkt. [19], is **DENIED** as moot. A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the dismissal must be **without prejudice**. But because any amendments would be futile, final judgment will be entered by a separate order. *See Doermer v. Callen,* 847 F.3d 522, 528 (7th Cir. 2017).

    **SO ORDERED**

Date: 8/25/2021

                                                Hon. Tanya Walton Pratt, Chief Judge
                                                United States District Court
                                                Southern District of Indiana

SCOTT M. AFANADOR
977035
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com